UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 07-01854-TLM |
| JAMES C. HUNT and ) | |
| KRISTIN LYNN STELCK, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| STEVEN JOHNSON, SHIRLEY ) | |
| TWITCHELL, and STUART ) | |
| JOHNSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 08-06020-TLM |
| ) | |
| JAMES C. HUNT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION
### ON ATTORNEYS' FEES AND COSTS

**BACKGROUND AND FACTS**

On February 26, 2008, the Plaintiffs filed the above captioned adversary

proceeding seeking a money judgment of $17,600.00 against the chapter 7 Debtor

Defendant, together with a determination that such debt was nondischargeable

MEMORANDUM OF DECISION - 1

under § 523(a)(2)(A), (a)(4) and/or (a)(6).  Doc. No. 1 (complaint); *see also* Doc. No. 3 (amended complaint).  Plaintiffs' complaint further requested costs under Fed. R. Bankr. P. 7054 and attorneys' fees under Idaho Code § 12-120.  Following answer and a pretrial conference, the adversary proceeding was set for trial on September 18, 2008.

On September 16, 2008, the parties filed a Stipulation for Entry of Judgment with Covenant Not to Execute.  *See* Doc. No. 14 ("Stipulation").  The parties stipulated to entry of a $12,919.00 judgment against Defendant.[1]  The Stipulation specifically noted that the parties did not come to an agreement regarding attorneys' fees and costs.  *Id.*  Instead, they stipulated to allow the Court to decide that issue, agreeing only that "[i]f the Court awards attorneys fees and costs to the Plaintiffs, such amount will be included to the amount of this stipulated judgment and the same rate of interest applies." *Id.* at 3.

Plaintiffs thereafter filed a memorandum of attorneys' fees and costs and supporting affidavit requesting fees of $6,293.00 pursuant to Idaho Code §§ 12-120 and 12-121, and costs of $713.22.  Doc. No. 19.  Defendant objected to the same.  Doc. No. 21.

On June 29, 2009, the Court ordered the parties to supplement the record

---

[1] The stipulation did not specifically refer to that money judgment being nondischargeable, though context makes that conclusion implicit.  The "judgment" that was prepared by Plaintiffs and entered is similarly ambiguous.  *See* Doc. No. 17.

MEMORANDUM OF DECISION - 2

specifying which of the § 523(a) claim(s) formed the basis for the agreed nondischargeable money judgment. *See* Doc. No. 22. Plaintiffs filed a supplemental memorandum stating that the "Parties stipulated to a nondischargeable judgment *for fraud*." *See* Doc. No. 23 at 4 (emphasis added). Defendant did not respond.

**DISCUSSION AND DISPOSITION**

On September 25, 2008, this Court entered a decision in *Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 08.4 I.B.C.R. 155 (Bankr. D. Idaho 2008). There, as here, the parties stipulated to a money judgment and to its nondischargeability under § 523(a) but could not agree as to whether attorneys' fees should be allowed or, if so, the amount of such fees.[2]

In *Kilborn,* this Court resolved the dispute, concluding that attorneys' fees may be allowed in nondischargeability adversary proceedings, if "the creditor plaintiff would be entitled to fees in state court for establishing those elements of the claim which the bankruptcy court finds support a conclusion of

---

[2] *Kilborn* was entered a week and a half *after* the parties filed their Stipulation in this case. Thus it would not have been available to provide guidance to the litigants here in crafting a settlement that would incorporate any issue of fees and avoid the additional time and expense to resolve a debate over fees. However, *Kilborn* was of record (*i.e.*, available on the searchable "written opinion" page of the Court's website) *prior* to Plaintiffs' request for fees on October 7 and Defendant's reply. Because *Kilborn* is on all fours with the present dispute, it is unfortunate that neither of the parties cited to or analyzed that case.

MEMORANDUM OF DECISION - 3

nondischargeability." 396 B.R. at 528, 08.4 I.B.C.R. at 157.[3]

Turning to the question identified in *Kilborn* – the entitlement to attorneys' fees – the Court notes that Plaintiffs here assert in their memorandum a claim under both Idaho Code § 12-121 and Idaho Code § 12-120(3), as did the plaintiff in *Kilborn*.

### 1. Idaho Code § 12-121

This Court held in *Kilborn:*

> Idaho Code § 12-121 states:
>
> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.
>
> The statute is limited by Idaho R. Civ. P. 54(e)(1) which states "attorney fees under section 12-121, Idaho Code, may be awarded by the court *only when it finds, from the facts presented to it*, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." *Id.* (emphasis added). The determination of whether a case was frivolously or unreasonably pursued falls within the sound discretion of the trial court.

---

[3] It is therefore critical that the parties specify the basis for the stipulated nondischargeability judgment. Plaintiffs and Defendant initially did not do so. After an Order from the Court specifically citing *Kilborn*, Plaintiffs asserted that the stipulated judgment was based on "fraud" (presumably § 523(a)(2)), an assertion never disputed by Defendant.

MEMORANDUM OF DECISION - 4

396 B.R. at 528-29, 08.4 I.B.C.R. at 157.[4]

Here, just as in *Kilborn*, no facts were presented for the Court to evaluate; the parties instead entered into a stipulated judgment. Thus the Court has an insufficient record upon which to reach the requisite "abiding belief" regarding Defendant's conduct needed to impose fees under this provision. As such, Plaintiffs' request under Idaho Code § 12-121 will be denied.

### 2. Idaho Code § 12-120(3)

In *Kilborn*, the Court determined that an Idaho state court could allow fees on a fraud claim in a commercial transaction under Idaho Code § 12-120(3). *See Kilborn*, 396 B.R. at 530, 08.4 I.B.C.R. at 158 (citing *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594, 599-600 (Idaho 2007)). Thus, if Plaintiffs are the prevailing parties and the gravamen of the action was "a contract relating to the purchase or sale of . . . services" or constituted a "commercial transaction," then Plaintiffs are entitled to their reasonable attorneys' fees.

On a review of the record, the Court concludes Plaintiffs are the prevailing parties. Further, the admitted allegations of the complaint indicate that the

---

[4] In *Thomason Farms, Inc. v. Thomason (In re Thomason)*, Adv. No. 04-6134-JDP, Doc. No. 240 (Bankr. D. Idaho Dec. 7, 2006), the Court stated that an award under Idaho Code § 12-121 "is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Id.* at 10 (quoting *McGrew v. McGrew*, 82 P.3d 833, 844 (Idaho 2003)). *See also* Adv. No. 04-6134-JDP, Doc. No. 386 (Bankr. D. Idaho July 13, 2009).

MEMORANDUM OF DECISION - 5

gravamen of the action is a commercial transaction, and it would fall within the ambit of Idaho Code § 12-120(3).[5]  Thus, the Court must set the reasonable attorneys' fees.

### a.  Fees

Plaintiffs correctly note this Court must consider a number of factors in arriving at a reasonable fee.  *See Hopkins v. Saratoga Holdings, LLC (In re Colvin)*, 08.2 I.B.C.R. 63, 2008 WL 1957855 (Bankr. D. Idaho 2008); *see also* Idaho R. Civ. P. 54(e)(3).  In support of their motion, Plaintiffs addressed the several factors and provided a fee affidavit from their counsel.

However, counsel's fee affidavit and Plaintiffs' claim to fees suffer from many of the same defects recognized in *Kilborn*.

First, Plaintiffs request compensation for counsel's services provided prior to the initiation of the current adversary proceeding.  Services worth an alleged $2,667.00 were rendered in pursuit of Plaintiffs' state court litigation against Defendant.  *See* Doc. No. 19 at 7-8 (entries from Feb. 5, 2007 through Dec. 20, 2007).  As in *Kilborn*, these services are outside the scope of this adversary proceeding and the compensation for such services will not be awarded as part of the attorneys' fees in the litigation before this Court.  396 B.R. at 531-32, 08.4

---

[5]  The complaint alleges that the debt arose from an agreement of Defendant to provide "property management" services.  Doc. Nos. 1, 3 at ¶¶ 7, 8.  Defendant admitted the allegations of those paragraphs.  Doc. No. 7 at ¶ I.

MEMORANDUM OF DECISION - 6

I.B.C.R. at 159. The amount of $2,667.00 will be disallowed.

Second, Defendant attacks several aspects of Plaintiffs' fee request as excessive. *See* Doc. No. 21 at 2-3. Specifically, Defendant notes that 1.30 hours to "review bankruptcy petition and prepare exception,"[6] and 3.50 hours to "prepare federal complaint," and another .30 hours to prepare exhibits to file with that complaint are excessive.[7] The Court agrees.

While the state court complaint is not before the Court for comparison, the fact that the state court litigation had progressed through not only the complaint stage but into summary judgment, according to Plaintiff's affidavit, provides a material benefit in preparing a § 523(a) complaint. That history should have reduced the time needed. Additionally, the complaint here is, in many ways, little more than a recitation of the statutory elements of §§ 523(a)(2), (a)(4) and (a)(6) together with the conclusory allegations that Defendant is liable under those sections, all in reference to factual allegations that span but six paragraphs.[8] That drafting this complaint required 4.80 hours is, under the circumstances,

---

[6] In context, the "exception" is apparently a reference to deciding to file a § 523(a) adversary complaint and starting its drafting.

[7] *See* Doc. No. 19 (affidavit) at 8 (entries on Dec. 28, 2007, Jan. 2, 2008, and Feb. 26, 2008).

[8] Litigants might wish to consider carefully the nature of their allegations in light of a recent Supreme Court decision. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (holding that, even under "notice" pleading, more is needed than labels and conclusions or formulaic recitations of statutory elements; well-pleaded factual allegations are also required).

MEMORANDUM OF DECISION - 7

unreasonable. And the exhibits are five pages in length, and consist of two property management agreements and a letter, hardly material justifying .30 hour (18 minutes) to "prepare."

The Court concludes that the time for these three entries that total 5.10 hours will be reduced by 2.0 hours which, at the $140.00 per hour rate charged for those services, yields a reduction of $280.00.

Also in the nature of "excessive" fees, the Court notes that Plaintiffs' counsel claims at least 6.30 hours in connection with the claim to attorneys' fees.[9] Certainly part of that time invested might have been saved had *Kilborn* been reviewed and followed. But even setting this issue aside and evaluating the services related to the fee request on the assumption that Plaintiffs proceeded without the benefit of reference to this recent case law, the charges are not reasonable. In consideration of what was filed and the descriptions of services in the affidavit, the Court will reduce these 6.3 hours to 3.3 hours, effecting a reduction of $420.00 at that lawyer's hourly rate.

Third, the fee affidavit "lumps" all legal services rendered on a given date into a single entry for that date, rather than describing the time spent on discrete

---

[9] These entries are: Aug. 20, 2008 (1.30 hours, described as "Email clients. Research attorney fees and email opposing counsel."); Sep. 16, 2008 (4.0 hours for "Telephone calls and emails with client and opposing counsel. Research and prepare memo of attorney fees and costs."); Sep. 22, 2008 (1.0 hours for "Complete motion and affidavit").

MEMORANDUM OF DECISION - 8

services.[10] As noted in *Kilborn*, "'[l]isting only the total charge for lumped services deprives the Court of the ability to weigh the reasonableness of either the amount of time spent or the amount charged for the individual services.'" 396 B.R. at 533, 08.4 I.B.C.R. at 159 (quoting *Colvin*, 08.2 I.B.C.R. at 66). However, most of the lumped entries are within those disallowed, *supra*, for other reasons. While not condoning the improper practice, the Court will make no further deductions on this basis.

The Court has reviewed all the remaining entries, the arguments of Plaintiffs' and Defendant's counsel, and the factors outlined in Idaho R. Civ. P. 54(e)(3). The Court concludes no further adjustments are warranted.

Based on the foregoing, Plaintiffs' request for attorneys' fees in the amount of $6,293.00 will be reduced by $2,667.00 (prebankruptcy legal services), $280.00 (excessive time in complaint preparation), and $420.00 (excessive time on fee issues). Plaintiffs will be awarded $2,926.00 in attorneys' fees.

### b. Costs

Plaintiffs request costs of $713.22. As this Court has held a number of times, costs are a procedural matter and are taxed under LBR 7054.1. Plaintiffs filed their Memorandum requesting costs within fourteen (14) days after entry of the stipulated judgment, meeting the time requirement of LBR 7054.1(a). While

---

[10] An example is the time entry for Sep. 16, 2008, described in the preceding footnote.

MEMORANDUM OF DECISION - 9

Plaintiffs did not use this Court's recommended form bill of costs, they did itemize the costs requested.[11]

As in *Kilborn*, the majority of the costs claimed here were incurred *prior* to the commencement of this adversary proceeding. 396 B.R. at 534-35, 08.4 I.B.C.R. at 160 (citing *Colvin*, 08.2 I.B.C.R. at 67). Indeed, Plaintiffs' itemization breaks down the costs by those incurred in the "[Idaho] District Court" and those incurred in the "Bankruptcy Court." *See* Doc. No. 19 at 2.

*Kilborn* held: "This Court only taxes costs incurred in connection with the adversary proceeding filed and prosecuted before it. *See, e.g.*, LBR 7054.1(c)(9) (referencing the requirements of 28 U.S.C. § 1924 which, in turn, requires the taxed costs be "necessarily incurred *in the case.*")." 396 B.R. at 534-35, 08.4 I.B.C.R. at 160-61.

Therefore, only the costs listed by Plaintiffs as incurred in this Court will be considered. The Plaintiffs claim only one such cost – the adversary filing fee of $250.00. Such cost will be allowed under LBR 7054.1(c)(1).

**CONCLUSION**

Upon the foregoing, Plaintiffs will be allowed attorneys' fees of $2,926.00

---

[11] The "certification" required by LBR 7054.1 is only implicitly made, if at all. But since most of the costs claimed to which the certification attends are disallowed for other reasons, *infra*, the Court will not dwell on the defects in the submission.

MEMORANDUM OF DECISION - 10

and costs of $250.00. An appropriate order will be entered.

DATED: July 15, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11